UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTIN MONETTI, JR., <br><br>        Plaintiff, <br><br>   v. <br><br> CITY OF SEATTLE, a municipal corporation; SHANDY COBANE, an individual; MARY L. WOOLLUM, an individual, <br><br>        Defendants. | No. <br><br> COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND PERSONAL INJURY <br><br> JURY DEMANDED |

Plaintiff Martin Monetti, Jr., by and through his counsel of record, M. Lorena González, Martin S. Garfinkel, Janet L. Rice, and Schroeter Goldmark & Bender, hereby claims as follows:

## I.   PARTIES

1.1.    Plaintiff Martin Monetti, Jr. is a resident of King County, which is located in the Western District of Washington. He is a male of Mexican descent.

1.2.    Defendant City of Seattle ("City") is a municipal corporation organized under the laws of the State of Washington. It is located in King County in the Western District of Washington.

COMPLAINT FOR VIOLATION OF
CIVIL RIGHTS AND PERSONAL INJURY – 1

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
(206) 622-8000

1.3. Defendant Shandy Cobane is a City of Seattle police officer and, upon information and belief, a resident of King County, Washington, which is in the Western District of Washington.

1.4. Defendant Mary L. Woollum is a City of Seattle police officer and, upon information and belief, a resident of King County, Washington, which is in the Western District of Washington.

## II.   JURISDICTION & VENUE

2.1. This Court has original jurisdiction over claims brought under 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331 and 1443, and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

2.2. Venue is properly located in the Western District of Washington at Seattle under 28 U.S.C. § 1391(b). The incidents complained of in this complaint occurred in King County, Washington and some or all of the defendants are residents of King County, Washington.

2.3. Before filing this action, plaintiff timely filed a claim for damages with the City of Seattle on March 16, 2010, pursuant to RCW 4.96.020. As required by RCW 4.96.020, more than 60 days has expired since the filing of this claim for damages.

## III.   JURY DEMAND

3.1. Plaintiff hereby demands a jury pursuant to the Seventh Amendment of the U.S. Constitution and Fed. R. Civ. P. 38.

## IV.   STATEMENT OF FACTS

4.1. Plaintiff hereby alleges and incorporates paragraphs 1.1 through 3.1 herein.

4.2. Plaintiff Monetti, is a graduate of Franklin High School and lives with his mother, father, and two siblings in Seattle. He does not have a criminal history.

4.3. On the night of April 16, 2010, plaintiff Monetti went out with two friends–Robin Barrera and Denis Garcia Garcia–to celebrate his twenty-first birthday. They drove in Garcia's car to the China Harbor Restaurant located in the South Lake Union neighborhood of Seattle.

4.4. At some point after arriving at China Harbor, Monetti and his friends were in the parking lot of China Harbor. During that time, they witnessed an armed robbery occur in the parking lot but they were not participants in the robbery.

4.5. Soon thereafter, Monetti and Garcia began walking back toward Garcia's car. Before they arrived at Garcia's car, at around 1:30 a.m. on April 17, 2010, Monetti and Garcia were approached by squad cars from the Seattle Police Department and ordered by police officers to get on the ground. Monetti complied with this and all other commands issued by the officers.

4.6. While Monetti was prone and being compliant, defendant Cobane used his foot to kick and stomp on Monetti's head and hand several times. Defendant Woollum stomped on Monetti's lower back with her foot. Defendant Cobane made a number of racist and demeaning comments to Monetti and Garcia during this incident, including "You got me? I am going to kick the fucking Mexican piss out of you homey. You feel me?"

4.7. There were a number of other Seattle Police Department officers on the scene. Upon information and belief, these other officers observed the use of force and racist language directed at plaintiff but did nothing to stop it.

4.8. Shortly after the incidents described above, plaintiff was released from police custody. Garcia was also released. Monetti was never arrested or charged with any crime related to the armed robbery or any other events of April 16, 2010 or April 17, 2010.

## V.  COLOR OF STATE LAW AND AGENCY

5.1. Plaintiff hereby alleges and incorporates paragraphs 1.1 through 4.8 above.

5.2. The actions and omissions of defendants set out in all paragraphs above were done under color of the laws of the State of Washington and pursuant to and as a result of the policies, customs and practices of the City of Seattle.

5.3. At all relevant times defendants Cobane and Woollum were acting within the scope of their employment with the City of Seattle.

## VI.  FIRST CAUSE OF ACTION – UNREASONABLE USE OF FORCE IN VIOLATION OF THE FOURTH AMENDMENT AND 42 U.S.C. § 1983

6.1. Plaintiff hereby alleges and incorporates paragraphs 1.1 through 5.3 herein.

6.2. By virtue of the foregoing facts, defendants Cobane and Woollum used unreasonable force in connection with the detention of plaintiff that was excessive, without legal justification, and in violation of his constitutional right to freedom from unreasonable seizure and to be secure in his person as guaranteed by the Fourth Amendment and 42 U.S.C. § 1983.

6.3. As a proximate result of the defendants' use of unreasonable force, plaintiff Monetti's civil rights were violated and he has suffered damages in an amount to be determined at trial.

## VII.  SECOND CAUSE OF ACTION – INTENTIONAL DISCRIMINATION IN VIOLATION OF THE FOURTEENTH AMENDMENT AND 42 U.S.C. §§ 1981 AND 1983

7.1. Plaintiff hereby alleges and incorporates paragraphs 1.1 through 6.3 herein.

7.2. By virtue of the foregoing, defendants subjected plaintiff to intentional discriminatory treatment based on his race and national origin in violation of the Fourteenth Amendment of the U.S. Constitution and of 42 U.S.C. §§ 1981 and 1983.

7.3. As a proximate result of the defendants' intentional discrimination, plaintiff Monetti has suffered damages in an amount to be determined at trial.

### VIII. THIRD CAUSE OF ACTION - LIABILITY OF CITY OF SEATTLE BASED ON POLICIES, PRACTICES AND/OR CUSTOMS IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS AS WELL AS OF 42 U.S.C. §§ 1981 AND 1983

8.1. Plaintiff hereby alleges and incorporates paragraphs 1.1 through 7.3 herein.

8.2. During the period relevant herein, defendant City had policies, practices, and/or customs that tolerated and failed to prohibit officers of the Seattle Police Department from using racial and ethnic slurs in the course of performing their duties. In addition, during the time period relevant herein, defendant City had policies, practices, and/or customs that did not require discipline of officers for using racial and ethnic slurs in the course of performing their duties.

8.3. During the period relevant herein, defendant City had policies, practices, and/or customs that tolerated and/or failed to require officers of the Seattle Police Department who observed other officers using racial and ethnic slurs in the course of performing their duties to immediately report such activities to management. In addition, during the time period relevant herein, defendant City had policies, practices, and/or customs that did not require discipline of officers for failing to report other officers who used racial and ethnic slurs in the course of performing their duties.

8.4. During the period relevant herein, defendant City ratified the actions of defendants Cobane and Woollum complained of herein, and of the bystander officers who failed to report such much misconduct to their supervisors.

8.5. By the foregoing City polices, practices and customs, and omissions, defendant City has acted, and has failed to act, in violation of the Fourth and Fourteenth Amendment of the U.S. Constitution and of 42 U.S.C. §§ 1981 and 1983.

8.6. As a proximate result of the foregoing City policies, practices and/or customs, plaintiff's civil rights were violated and he has suffered damages in an amount to be determined at trial.

### IX.   FOURTH CAUSE OF ACTION - ASSAULT AND BATTERY

9.1. Plaintiff hereby alleges and incorporates paragraphs 1.1 through 8.6 herein. Defendants Cobane and Woollum assaulted and battered plaintiff. Monetti.

9.2. As a proximate result of this assault and battery, plaintiff suffered personal injury and damages in an amount to be determined at trial.

### X.   FIFTH CAUSE OF ACTION - NEGLIGENCE

10.1. Plaintiff hereby alleges and incorporates paragraphs 1.1 through 9.2 herein.

10.2. Pursuant to state law, defendant City had a duty to use reasonable care in training, supervising and retaining defendants Cobane and Woollum. By the foregoing, defendant City breached this duty.

10.3. As a result of defendant City's negligence, plaintiff has suffered damages in an amount to be determined at trial.

### XI.   SIXTH CAUSE OF ACTION - OUTRAGE

11.1. Plaintiff hereby alleges and incorporates paragraphs 1.1 through 10.3 herein.

11.2. Defendants Cobane and Woollum, by their above-described actions and omissions, intentionally, or with reckless indifference to the well-being of Mr. Monetti, inflicted severe emotional distress upon him.

11.3. The actions of the defendants as alleged above are so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and be regarded as atrocious and utterly intolerable in a civilized community.

11.4. As a proximate result of this intentional infliction of emotional harm, plaintiff suffered harm and damages in an amount to be determined at trial.

### XII. SEVENTH CAUSE OF ACTION - NEGLIGENT INFLICTION OF EMOTIONAL HARM

12.1. Plaintiff hereby alleges and incorporates paragraphs 1.1 through 11.4 herein.

12.2. Defendants Cobane and Woollum had a duty to use reasonable care in their treatment of plaintiff while he was in police custody. By the foregoing, defendants breached this duty and caused plaintiff emotional harm.

12.3. As a result of defendants' negligent infliction of emotional harm, plaintiff has suffered damages in an amount to be determined at trial.

### XIII. DAMAGES

13.1. Plaintiff hereby alleges and incorporates paragraphs 1.1 and 12.3 herein.

13.2. As a proximate cause of the foregoing, plaintiff suffered physical pain and suffering, emotional pain, humiliation, embarrassment, apprehension, ongoing fear of law enforcement, lost wages, medical expenses, counseling expenses, and any and all special and general damages allowed by law or otherwise, all in an amount to be proven at trial.

13.3. As a proximate cause of the foregoing, punitive damages are owed because the conduct of defendants Cobane and Woollum was malicious, oppressive or in reckless disregard of plaintiff's constitutional rights.

### XIV. PRAYER FOR RELIEF

WHEREFORE, plaintiff Martin Monetti, Jr., prays for judgment against the defendants as follows:

14.1. Compensatory damages, including general and special damages, as proven at the time of trial, with interest thereon;

14.2. Punitive damages against defendants Cobane and Woollum;

14.3. Reasonable attorneys fees and costs pursuant to 42 U.S.C. § 1988;

14.4. Permanent injunctive relief requiring improved policies and training of Seattle Police Department officers and supervisors in the elimination of use of racial or ethnic slurs in policing; policies requiring bystander officers who observe misconduct by fellow officers to report the misconduct; elimination of use of unreasonable force; and improvement of supervisory responsibility on issues of use of unreasonable force and racial and ethnic slurs; and

14.5. Such other and further relief as this Court deems just and equitable under the circumstances of this case.

DATED this 22nd day of June, 2011.

SCHROETER, GOLDMARK & BENDER

*s/ M. Lorena González*
M. LORENA GONZÁLEZ, WSBA #37057
MARTIN S. GARFINKEL, WSBA #20787
JANET L. RICE, WSBA #9386
Counsel for Plaintiff
810 Third Avenue, Suite 500
Seattle, WA  98104
Tel: (206) 622-8000 | Fax: (206) 682-2305
gonzalez@sgb-law.com, garfinkel@sgb-law.com, rice@sgb-law.com